IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00967-REB-BNB

PAMLAB, L.L.C. and METABOLITE LABORATORIES, INC.

      Plaintiffs,

v.

HI-TECH PHARMACAL CO., INC.,
HWSM PHARMACEUTICALS, L.L.C. f/k/a MIDLOTHIAN LABORATORIES, L.L.C.,
the CHEMINS COMPANY, INC., and
NEXGEN PHARMA, INC.

      Defendants.

---

## DEFENDANT HI-TECH PHARMACAL CO., INC.'S ANSWER AND COUNTERCLAIM

---

COMES NOW, Defendant Hi-Tech Pharmacal Co., Inc. ("Defendant" or "Hi-Tech") and files this Answer to Plaintiffs' Complaint in this action ("Complaint").  The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

### 2.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendant admits that ProEthic Pharmaceuticals, Inc. is a corporation existing under the laws of the state of Delaware, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant admits that this Court has original subject matter jurisdiction of this action.   Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiffs' Complaint

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant admits that United States Patent No. 6,528,496 entitled "Compositions treating, preventing, or reducing elevated metabolic levels" was issued to Doctors Allen and Stabler on March 4, 2003 and that a copy of a document which purports to be the

'496 Patent is attached as Exhibit A to the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant admits that Pamlab sells a product as Foltx.  Defendant denies that Foltx is a valid trademark.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Defendant admits that Foltx purports to contain three active ingredients; that Foltx has purported to contain 2 mg. of vitamin B12,  2.5 mg. of folic acid, and 25 mg. of vitamin B6 since June 2004, and that Foltx purported to contain 1 mg. of vitamin B12, 2.5 mg. of folic acid, and 25 mg. of vitamin B6 before June 2004.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies that ProEthic marketed the product identified in Paragraph 24 of Plaintiffs' Complaint, but otherwise admit the allegations contained therein.

25.

Defendant admits the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

## **COUNT I**

31.

Defendant incorporates the responses contained in Paragraphs 1 through 30 as though set forth fully herein.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

## **COUNT II**

37.

Defendant repeats and realleges the responses to paragraphs 1 through 36 as though set forth fully herein.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

*************

Defendant denies all allegations not expressly admitted herein.   Defendant further denies that Plaintiff is entitled to any of the relief requested, and requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its fees and costs incurred defending this suit under 35 U.S.C. § 285 and 21 U.S.C. § 1117.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer, without admitting allegations of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiff, Hi-Tech asserts the following defenses to the Complaint:

### First Defense

The claims of U.S. Patent No. 6,528,496 B1 ("the "496 patent") are invalid under one or more provisions of 35 U.S.C. § 101 *et seq.*

### Second Defense

Hi-Tech does not infringe any valid and/or enforceable claim of the '496 patent.

### Third Defense

Plaintiffs lack standing to bring its claim for infringement of the '496 patent and thus the Court lacks subject matter jurisdiction of claims relating to this patent.

### Fourth Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Fifth Defense

Plaintiffs' claim for alleged false advertising is barred by the First Amendment.

### Sixth Defense

Plaintiffs fail to state a claim for alleged false advertising with sufficient particularity as required by Fed.R.Civ.P. 9(b).

### Seventh Defense

The '496 patent is unenforceable for inequitable conduct, and in particular for applicants' knowingly and intentionally false inventorship oaths/declarations, as more particularly set forth and developed in Riezler et al v. Allen et al, Civil Action No. 1:08-cv-00332-RPM  (D. Colorado).

### Eighth Defense

The '496 patent is unenforceable for inequitable conduct, as more particularly set forth and developed in Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., Civil Action No. 1:05-cv-01083-WYD-CBS (D. Colorado).

### Ninth Defense

All or part of Plaintiffs' claims are barred by the doctrine of laches.

### Tenth Defense

All or part of Plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata.

**Eleventh Defense**

All or part of Plaintiffs' claims are barred by the doctrine of estoppel.

**Twelfth Defense**

All or part of Plaintiffs' claims are barred by the doctrine of unclean hands.

**Thirteenth Defense**

Any additional defenses or counterclaims that discovery may reveal as well as any defenses) raised by another defendant in this action.

********************

**COUNTERCLAIM OF HI-TECH**

As and for its counterclaim against Plaintiffs Pamlab, LLC ("Pamlab") and Metabolite Laboratories, Inc. ("Metabolite"), Hi-Tech states and alleges as follows:

**The Parties**

1.

Hi-Tech is a corporation organized under the laws of the State of Delaware and has its principal place of business at 369 Bayview Avenue, Amityville, New York 11701.

2.

Pamlab purports to be a limited liability company existing under the laws of the State of Louisiana, with its principal place of business at 4099 Highway 190, Covington, Louisiana, 70433.

3.

Metabolite purports to be a corporation existing under the laws of the State of Colorado with its principal place of business at 301 Garfield Street, Unit 2-West, Denver, Colorado, 80206.

## Jurisdiction and Venue

4.

These declaratory judgment Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. *§ 1 et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.

These false advertising Counterclaims arise under the Lanham Act, 15 U.S.C. §§ 1121 and 1125.

6.

This Court has original jurisdiction over the subject matter of these Counterclaims under the Patent Laws, 28 U.S.C. §§ 1331 and 1338(a), under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 21 U.S.C. §§ 1121 and 1125.

7.

This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges of this forum by suing Hi-Tech in this District, and because Plaintiffs conduct substantial business in, and have regular and systematic contacts with, this District.

8.

Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

9.

On or about March 4, 2003, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,528,496 B1 (the "496 patent"), entitled "COMPOSITIONS TREATING, PREVENTING OR REDUCING ELEVATED METABOLIC LEVELS," to Robert H. Allen and Sally P. Stabler.

10.

In May 2008, Plaintiffs sued Hi-Tech in this District alleging infringement of the '496 patent. Plaintiff also alleged violation of the Lanham Act by Hi-Tech in this case.

## COUNT I

## (Declaration of Non-Infringement of the '496 Patent)

11.

Hi-Tech realleges and incorporates by reference the allegations of Paragraphs 1-10 of this Counterclaim.

12.

A present, genuine, and justiciable controversy exists between Plaintiffs and Defendant Hi-Tech regarding, inter alia, the infringement of any valid or enforceable claim of the '496 patent.

13.

Hi-Tech's manufacture, marketing of, selling, and/or offering to sell of its products do not directly infringe, contributorily infringe, and/or induce infringement of any valid or enforceable claim of the '496 patent.

14.

Hi-Tech is entitled to a declaration that the manufacture, marketing of, selling, and/or offering to sell of any of its products do not directly infringe, contributorily infringe, and/or induce infringement of any valid or enforceable claim of the '496 patent.

## <u>COUNT II</u>

## <u>(Declaration of Invalidity of the '496 Patent)</u>

15.

Hi-Tech realleges and incorporates by reference the allegations of Paragraphs 1-14 of its counterclaim.

16.

A present, genuine, and justiciable controversy exists between Plaintiffs and Defendant Hi-Tech regarding, *inter alia,* the validity of the claims of the `496 patent.

17.

The claims of the `496 patent are invalid under one or more provisions of 35 U.S.C. § 101 *et seq.*

18.

Hi-Tech is entitled to a declaration that the claims of the '496 patent are invalid.

## COUNT III

## (Declaration of Unenforceability of the '496 Patent)

19.

Hi-Tech realleges and incorporates by reference the allegations of Paragraphs 1-18 of its counterclaim.

20.

A present, genuine, and justiciable controversy exists between Plaintiffs and Defendant Hi-Tech regarding, inter alia, the enforceability of the claims of the '496 patent.

21.

The '496 patent is unenforceable for inequitable conduct, and in particular for applicants' knowingly and intentionally false inventorship oaths/declarations, as more particularly set forth and developed in Riezler et al v. Allen et al, Civil Action No. 1:08-cv-00332-RPM  (D. Colorado).

22.

The '496 patent is unenforceable for inequitable conduct, as more particularly set forth and developed in Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., Civil Action No. 1:05-cv-01083-WYD-CBS (D. Colorado).

23.

Hi-Tech is entitled to a declaration that the claims of the '496 patent are unenforceable.

## COUNT IV

## (Lanham Act - false advertising)

24.

Hi-Tech realleges and incorporates by reference the allegations of Paragraphs 1-23 of its counterclaim.

25.

Pamlab has made numerous advertisements to pharmacists and physicians since initially introducing Foltx with the intention and effect of deceiving pharmacists and physicians into believing that Foltx is a drug, and that dispensing of generic alternatives to Foltx is governed by state laws governing the substitution of generic drugs.

26.

Pamlab has made numerous advertisements to pharmacists since initially introducing Foltx with the intention and effect of deceiving pharmacists into believing that Hi-Tech's products are not properly dispensed in response to prescriptions written for Foltx.

27.

Pamlab has also made numerous advertisements to pharmacists that its reformulated Foltx is not materially different from its original version of Foltx, and that it reformulated the product for reasons of safety and efficacy, again with the intent and effect of deceiving pharmacists into believing that the reformulated version of Foltx should be dispensed when presented with prescriptions for the original version o Foltx.

28.

Pamlab's false statements, and the distribution of associated goods by Pamlab and Hi-Tech, have been in Interstate Commerce.

29.

Pamlab's false statements have had a material impact on purchasing decisions by pharmacists, and a material impact on the substitution of Hi-Tech products for the 1.0 and 2.0 mg. vitamin B12 strengths of Foltx.

30.

Hi-Tech has been damaged thereby.

## JURY DEMAND

Hi-Tech demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests this Court:

(a)     Deny any and all relief requested by the Plaintiff/Counterclaim-Defendants in this case;

(b)     Dismiss the Complaint with prejudice;

(c)     Enter judgment in favor of Defendant that the '496 patent invalid and unenforceable;

(d)     Enter judgment in favor of Defendant that it has not infringed, contributed to the infringement of, or induced others to infringe any valid claim of the '496 Patent;

(e)     Declare this case to be exceptional within the meaning of 35 U.S.C. § 285;

(f)     Adjudge and declare that Pamlab has committed False Advertising in violation of

the Lanham Act;

(g)     Enter and Order enjoining further false acts of advertising by Pamlab;

(h)     Enter and Order awarding Hi-Tech treble its damages and/or treble Pamlab's

profits for the false acts of advertising committed by Pamlab alleged herein;

(i)     Award Hi-Tech its expenses, costs and attorney fees for defending this

Complaint and prosecuting its counterclaims; and

(j)     Enter an Order Granting Defendant such other additional relief against Plaintiffs

as may be just and proper.

June 11, 2008                          Respectfully submitted,

                                       s/ Evan B. Stephenson
                                       Evan B. Stephenson
                                       Wheeler Trigg Kennedy LLP
                                       1801 California St., Suite 3600
                                       Denver, CO  80202
                                       Telephone:  (303) 244-1800
                                       Fax:  (303) 244-1879
                                       stephenson@wtklaw.com

                                       Clark G. Sullivan
                                       GA Bar No. 691092
                                       Stephen M. Dorvee
                                       GA Bar No. 226989
                                       ARNALL GOLDEN GREGORY LLP
                                       171 17th Street, NW
                                       Suite 2100
                                       Atlanta, Georgia 30363
                                       Tel:    (404) 873-8500
                                       Fax:    (404) 873-8501

                                       Attorneys for Defendant
                                       Hi-Tech Pharmacal Co., Inc.

## CERTIFICATE OF MAILING (CM/ECF)

I hereby certify that on June 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Bruce D. DeRenzi**
  bderenzi@crowell.com

- **Hugh Gottschalk**
  gottschalk@wtklaw.com,hart@wtklaw.com,gottesfeld@wtklaw.com

- **Michael R. Henson**
  mhenson@mhipfirm.com,jcarpenter@mhipfirm.com,mjohnson@mhipfirm.com

- **C. Randolph Ross**
  rross@crowell.com,kvandeloo@crowell.com

- **Evan B. Stephenson**
  stephenson@wtklaw.com,wallace@wtklaw.com

s/ Evan B. Stephenson by Janean C. Hart
Evan B. Stephenson
Attorney for Defendant
Hi-Tech Pharmacal Co., Inc.
Wheeler Trigg Kennedy LLP
1801 California St., Suite 3600
Denver, CO  80202
Telephone:  (303) 244-1800
Fax:  (303) 244-1879
stephenson@wtklaw.com

662411v.1